UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
OSILA AUGUSTUS, *pro se*,　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　Plaintiff,　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　: **MEMORANDUM AND ORDER**
　　-against-　　　　　　　　　　　　　　　　: 13-CV-5374 (DLI) (RML)
　　　　　　　　　　　　　　　　　　　　　　:
THE BROOKDALE HOSPITAL MEDICAL　　　:
CENTER,　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　Defendant.　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:
------------------------------------------------------------ x
**DORA L. IRIZARRY, U.S. District Judge:**

　　*Pro se* plaintiff, Osila Augustus ("Plaintiff"), filed the instant action on September 25, 2013 alleging defendant Brookdale Hospital Medical Center ("Defendant" or "Brookdale") engaged in unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq.[1] (*See generally* Amended Compl., Dkt. Entry No. 21.) Specifically, Plaintiff asserts that Brookdale terminated her employment due to her requests for a reasonable religious accommodation and Defendant's failure to comply with such requests constituted unlawful religious discrimination. (*Id*.) Defendant moves to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), on the grounds that: (1) Plaintiff failed to request a reasonable religious accommodation; and (2) Plaintiff's termination was the product of a legitimate nondiscriminatory reason. (*See generally* Def. Motion to Dismiss ("MTD"), Dkt. Entry No. 28.)

---

[1]　　On April 28, 2014, Plaintiff filed a letter with the Court requesting an extension of time to file certain paperwork. (Pl. Letter Requesting Extension, Dkt. Entry No. 20.) Plaintiff then filed an amended complaint on the same date without seeking leave of the Court. (Amended Compl., Dkt. Entry No. 21.) Notwithstanding the impropriety of this filing, the Court, in deference to Plaintiff's *pro se* status, deemed the aforementioned letter to be a request for leave to file an amended complaint and granted such request. (Order dated July 30, 2014.)

Plaintiff opposes this motion. For the reasons set forth below, Defendant's dismissal motion is granted.

## BACKGROUND

Plaintiff was employed as a Patient Services Associate ("PSA") with Brookdale from January 16, 2012 to July 23. 2012. (*See* New York State Division of Human Rights ("NYSDHR") Determination & Order ("NYSDHR Det. & Order") annexed to Original Compl. ("Orig. Compl."), Dkt. Entry No. 1.) [2] On July 8, 2012, Plaintiff's grandmother was admitted to Brookdale's emergency room and subsequently died due to an unknown illness. (Unempl. Ins. App. Bd. Decision Dec. 20, 2012, annexed to Orig. Compl.) Defendant granted Plaintiff nine days of bereavement leave. (*Id.*)

Plaintiff returned to work on July 17, 2012 and requested that Defendant instruct her co-workers to refrain from sending gifts or issuing condolences as such innocuous gestures violated Plaintiff's religious beliefs, which forbade such commiserations upon the death of a family member. (Amended Compl. ¶ 11.)

On July 23, 2012, three of Plaintiff's fellow PSA's approached Plaintiff's workstation and inquired into her emotional state and whether she had received the series of gifts and condolence cards mailed to her. (Unempl. Ins. App. Bd. Decision Dec. 20, 2012 at p. 3.) As

---

[2] The Court will consider facts from the Plaintiff's Original Complaint that are not repeated in the Amended Complaint. *See Little v. City of New York*, 2014 WL 4783006, at *1 (S.D.N.Y. Sept. 25, 2014) ("The plaintiff thus appears to believe that the Amended Complaint supplements, rather than replaces, the Original Complaint. Because the plaintiff is proceeding *pro se*, the Court will consider the Original Complaint and the Amended Complaint together as the operative pleading."); S*ee also Fleming v. City of New York*, 2014 WL 6769618, at *3 (S.D.N.Y. Nov. 26, 2014) ("Even though an amended complaint ordinarily supersedes the original and renders it of no legal effect, the Court considers both Plaintiff's original and amended complaints." (internal quotation marks omitted)); *Camarano v. City of New York*, 624 F. Supp. 1144, 1147-48 (S.D.N.Y. 1986) ("[A] pro se civil rights complaint[] should be ... given the benefit of incorporation." (internal quotation marks and citation omitted)). The Court will also consider facts derived from the documents annexed to the Original Complaint. "In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010).

these inquiries persisted, Plaintiff explained to her co-workers that she did not wish to discuss her grandmother's passing. (*Id*.) Plaintiff then sought the intercession of her direct supervisor or, alternatively, permission to leave for the day due to these unwelcome questions. (*Id*.) Plaintiff's supervisor, Maureen Pollock, denied her request for early departure and directed Plaintiff to return to her workstation and Ms. Pollock did not order the other PSA's to desist in their expressions of sympathy. (*Id*.)

The questions continued upon Plaintiff's return to her workstation. (*Id*.) Later that same day, Plaintiff overheard several co-workers making negative comments about Plaintiff and her repudiation of their sympathetic overtures. (*Id*.) Plaintiff confronted these co-workers and a verbal altercation ensued in which one of those co-workers yelled profanities at Plaintiff. (*Id*.) Plaintiff responded by raising her voice and returning profanities to that co-worker. (*Id*., and NYSDHR Det. & Order at p. 2.) A supervisor ended the confrontation and directed Plaintiff to prepare a written statement about the incident and then leave for the day. Plaintiff's contemporaneous written account of the incident did not contain any mention of religion or religious beliefs. (NYSDHR Det. & Order at p. 2.)

On July 30, 2012, Plaintiff received a letter from her union notifying her that Defendant terminated her employment due to her engaging in a profane verbal dispute with another employee in the presence of hospital patients. (Unempl. Ins. App. Bd. Decision at 2 and NYSDHR Det. & Order at p. 2.) Defendant contends that its zero tolerance policy for workplace violence "forbid disruptive behavior, expletives, and angry outbursts" in the workplace. (NYSDHR Det. & Order at 2.) Pursuant to those policies, the employee with whom Plaintiff argued also was terminated. (*Id*.) The NYSDHR determined through its investigation that Plaintiff's witnesses corroborated the co-worker's concurrent termination for this behavior. (*Id*.)

3

Moreover, Plaintiff's contemporaneous incident report contained no mention of her religious beliefs or request for any religiously based accommodation. (*Id*.)

On January 31, 2013, Plaintiff filed a complaint with the NYSDHR alleging she was denied a reasonable accommodation for religion and was terminated wrongfully. (Orig. Compl. at 12.) On July 25, 2013, the NYSDHR issued an order finding no probable cause to believe that Defendant discriminated against Plaintiff. (NYSDHR Det. & Order at p. 1.) Plaintiff filed the same complaint with the Equal Employment Opportunity Commission's New York District Office ("EEOC"), whose investigation supported the finding of the NYSDHR as set forth in the Dismissal and Notice of Rights letter issued by the EEOC on August 22, 2013. (EEOC Dismissal and Notice of Rights annexed to Orig. Compl.) Plaintiff filed this action on September 25, 2013.

## DISCUSSION

### I. Motion to Dismiss Standard

Under Rule 8(a) of the Federal Rules of Civil Procedure, pleadings must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Pleadings are to give the defendant "fair notice of what the claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), overruled in part on other grounds by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move, in lieu of an answer, for dismissal of a complaint for "failure to state a claim upon which relief can be granted." To resolve such a motion, courts "must accept as true all [factual] allegations contained in a complaint," but need not accept "legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). For this reason, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to insulate a claim against dismissal. *Id*. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Notably, courts may only consider the complaint itself, documents that are attached to or referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, and matters of which judicial notice may be taken. *See, e.g.*, *Roth v. Jennings*, 489 F. 3d 499, 509 (2d Cir. 2007). The determination of whether a complaint states a plausible claim for relief signifies a content-specific task requiring the reviewing court to draw on its judicial experience and common sense. *Iqbal*, 556 U.S. at 679.

In reviewing the complaint, the Court is mindful that, "[a] document filed *pro se* is to be liberally construed and a *pro se* [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Accordingly, the Court interprets the complaint "to raise the strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir. 2006) (emphasis omitted). While the heightened pleading standards set by *Twombly* and *Iqbal* are not necessarily dispensed with in considering *pro se* submissions, the court still must construe *pro se* complaints liberally. *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). However, this liberal

construction requirement does not absolve a *pro se* plaintiff of the obligation to "'plead sufficient facts to state a claim that is plausible on its face.'" *Chukwueze*, 891 F. Supp. 2d at 450 (quoting *Bodley v. Clark*, 11 Civ. 8955 (KBF), 2012 WL 3042175, at *2 (S.D.N.Y. July 23, 2012)).

Notwithstanding the pleading standards enumerated in *Twombly* and *Iqbal*, the Supreme Court has held that, to survive a Rule 12(b)(6) motion to dismiss, "a complaint in an employment discrimination lawsuit [need] not contain specific facts establishing a prima facie case of discrimination under the framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)." *Chukwueze v. NYCERS*, 891 F. Supp. 2d 443, 450 (S.D.N.Y. 2012) (quoting *Twombly*, 550 U.S. at 569) (internal quotation marks omitted). "Nevertheless, the elements of a prima facie case 'provide an outline of what is necessary to render [a plaintiff's employment discrimination] claims for relief plausible.'" *Id*. (quoting *Sommersett v. City of New York*, 2011 WL 2565301, at *5 (S.D.N.Y. June 28, 2011)).

## II. Title VII Standard

The gravamen of Plaintiff's complaint concerns allegations of religious discrimination by Brookdale. Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e et. seq. ("Title VII"), proscribes an employer's termination of or discrimination against any individual "'because of such individual's . . . religion.'" *Goldschmidt v. New York State Affordable Housing Corp.*, 380 F. Supp. 2d 303, 310 (S.D.N.Y. 2005) (quoting 42 U.S.C. § 2000e-2(a)). The statute's definition of religion subsumes "'all aspects of religious observance and practice,'" unless the employer demonstrates that the accommodation for the religious observance or practice would work an undue hardship on the operation of his or her business. *Id*. (quoting 42 U.S.C. § 2000e(j)); *see also Philbrook v. Ansonia Bd. Of Educ.*, 757 F.2d 476, 481 (2d Cir. 1985)). Under a Title VII religious discrimination claim, a plaintiff may claim a violation "under theories of either denial

6

of reasonable accommodation or disparate treatment." *Goldschmidt*, 380 F. Supp. 2d at 310; *see, e.g., Cosme v. Henderson*, 287 F.3d 152 (2d Cir. 2002) (denial of reasonable religious accommodation); *Feingold v. New York*, 366 F.3d 138 (2d Cir. 2004) (disparate treatment). "A disparate treatment claim . . . may be established by showing either: (1) an adverse job action under circumstances giving rise to an inference of discrimination on the basis of religion, or (2) harassment on the basis of religion that amounts to a hostile work environment. *Goldschmidt*, 380 F. Supp. 2d at 310; *see also Feingold*, 366 F.3d at 149.

Generally, claims arising under Title VII are subject to the three-step burden-shifting analysis established by the Supreme Court in *McDonnell Douglas* beginning with plaintiff's establishment of a prima facie case. 411 U.S. 792 (1973); *see e.g., Johnson v. N.Y.C. Dep't of Ed.*, 39 F. Supp. 3d 314, 321 (E.D.N.Y. 2014); *Jute v. Hamilton Sundstrand Corp.*, 420 F.3d 166, 173 (2d Cir. 2005); *Texas Dep't of Comm. Affairs v. Burdine*, 450 U.S. 248, 252 (1981). However, the Second Circuit Court of Appeals slightly modified this analysis in its application to claims of religious discrimination in the workplace. *Philbrook*, 757 F.2d at 481. In order to establish a prima facie case of discriminatory or retaliatory treatment on the basis of religion under Title VII, a plaintiff must prove that: "(1) he or she has a bona fide religious belief that conflicts with an employment requirement; (2) he or she informed the employer of this belief; [and] (3) he or she was disciplined for failure to comply with the conflicting employment requirement." *Id*. (internal quotation marks and citations omitted); *see also Knight v. Connecticut Dep't of Public Health*, 275 F.3d 156, 167 (2d Cir. 2001). Courts in this Circuit have "characterized plaintiff's prima facie burden as 'minimal' and '*de minimis*.'" *Woodman v. WWOR-TV, Inc.*, 411 F.3d 69, 76 (2d Cir. 2005) (quoting *Zimmerman v. Assocs. First Capital*

7

*Corp.*, 251 F.3d 376, 381 (2d Cir. 2001)); *see Baldwin v. Goddard Riverside Comm. Ctr.*, 53 F. Supp. 3d 655, 668 (S.D.N.Y. 2014).

In determining whether this initial burden has been satisfied with respect to a Title VII retaliation claim, the court must determine "whether proffered admissible evidence would be sufficient to permit a rational finder of fact to infer a retaliatory motive." *Jute*, 420 F.3d at 173. The *McDonnell Douglas* burden apportionment framework then requires that, if the plaintiff demonstrates a prima facie case, a rebuttable presumption of discrimination and/or retaliation arises that imposes upon the employer the burden to articulate some legitimate, non-discriminatory, non-retaliatory reason for the adverse employment action. *Id.*; *see also Johnson*, 39 F. Supp. 3d at 321-22.

Finally, if the employer satisfies this burden, then the presumption of discrimination and/or retaliation disappears and the burden shifts to the plaintiff to demonstrate by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but rather served as a pretext for discrimination and/or retaliation. *Jute*, 420 F.3d at 173; *see also Johnson*, 39 F. Supp. 3d at 322.

Circumstances that may evince an inference of discriminatory intent include "actions or remarks made by decision makers that could be viewed as reflecting discriminatory animus," as well as "preferential treatment given to employees outside the protected class." *Chertkova v. Conn. Gen. Life Ins. Co.*, 92 F.3d 81, 91 (2d Cir. 1996). Moreover, a "discrimination complaint need not allege facts establishing each element of a prima facie case of discrimination to survive a motion to dismiss," but must, "at a minimum assert nonconclusory factual matter sufficient to nudge its claims across the line from conceivable to plausible." *EEOC v. Port Auth. of N.Y. & N.J.*, 768 F.3d 247, 254 (2d Cir. 2014).

## ANALYSIS

I. **Reasonable Religious Accommodation**

   A. **Plaintiff Has Not Established A Prima Facie Case**

In determining whether Plaintiff has established a prima facie case of religious discrimination and retaliation, the Court first must determine whether her activity can be considered a bona fide religious practice and, if so, whether it interfered with an employment requirement.

While neither party has addressed the legitimacy of Plaintiff's purported religious beliefs, in determining whether a particular practice constitutes a bona fide religious belief, the Court should "'engage in analysis of the sincerity—as opposed, of course, to the verity—of someone's religious beliefs in . . . the Title VII context.'" *Muhammad v. New York City Transit Authority*, 52 F. Supp. 3d 468, 481 (E.D.N.Y. 2014) (quoting *Philbrook*, 757 F.2d at 481-82) (internal quotation marks and citations omitted). Indeed, "the inquiry must focus on whether a plaintiff is 'fraudulently hiding secular interests behind a veil of religious doctrine,' and not on 'the factfinder's own idea of what a religion should resemble.'" *Id*. (quoting *Philbrook*, 757 F.2d at 481-82) (internal quotation marks and citations omitted).

Here, Plaintiff's claim is based on the spiritual teachings of her deceased grandmother to which Plaintiff allegedly adheres, not the tenets of some established or organized religious sect. Specifically, the grandmother forbade any indulgence, encouragement or receipt of condolences upon the passing of a loved one because the grandmother believed that, "in death, new life should be recognized." (Unempl. Ins. App. Bd. Decision Dec. 20, 2012 at p. 3.) Plaintiff does not allege that this belief is ascribed to by any formal or established religion. However, on this record, at this stage of the action, and in deference to her *pro se* status, the Court will assume that

Plaintiff plausibly has pled that her sincerely held religious beliefs require strict adherence to certain mourning rituals and, as such, this Court cannot "'make a finding of insincerity without a full exposition of facts before a factfinder.'" *Id.* (*Philbrook*, 757 F.2d at 482). Accordingly, for purposes of this motion, Plaintiff's conduct is deemed to be a sincere expression of religious doctrine.

However, while Plaintiff contends that she made multiple entreaties to Brookdale's management to forbid discussion of her grandmother's passing amongst co-workers, there has been no evidence proffered that the requested religious accommodation conflicted or interfered with any of Plaintiff's actual employment requirements. Plaintiff's request for such an order from management does not impact the performance of her employment duties whatsoever. Rather, her request essentially imposes her belief system upon her co-workers who desired only to express their condolences and who were, at least initially, unaware of her beliefs. This request had nothing to do with, and did not affect, Plaintiff's ability to perform her duties.

Notably, Plaintiff's co-workers' expressions of concern in this singular instance of her grandmother's death did not subject Plaintiff to a hostile work environment. *See Brennan v. Metropolitan Opera Ass'n, Inc.*, 192 F.2d 310 (2d Cir. 1999); *St. Louis v. N.Y.C. Health & Hosp. Corp.*, 682 F. Supp. 2d 216, 234 (E.D.N.Y. 2010) (holding that the "isolated remarks" of plaintiff's supervisor, referring to her aversion to working with females, did not constitute a hostile work environment). The factors guiding the determination of whether a reasonable person would regard a particular work environment as sufficiently hostile include: "frequency of the discriminatory conduct; severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Reid v. Ingerman Smith LLP*, 876 F. Supp. 2d 176, 185 (E.D.N.Y. 2012); *see also*

*Quinn v. Green Tree Credit Corp.*, 159 F.3d 759, 768 (2d Cir. 1998); *Clark Cnty. School Dist. v. Breeden*, 532 U.S. 268-270-71 (2001). Here, none of these factors are satisfied as no reasonable person could find that the co-workers' actions were anything other than harmless, and isolated inquiries into Plaintiff's emotional state in an effort to console her in her time of grief.

Moreover, compliance with Plaintiff's request would cause undue hardship on the orderly administration of the defendant hospital. The task of instructing all members of Brookdale staff to refrain from conversation with Plaintiff about the death of her grandmother coupled with the enforcement of such a directive would have been impracticable and would have proven costly to Defendant in terms of time and labor. Notably, there was no reason why Plaintiff herself could not have explained to her co-workers in a civil manner that her grandmother did not believe in the propriety of expressions of sympathy upon a person's death, and request that they refrain from such expressions of sympathy. "An accommodation is said to cause an undue hardship whenever it results in 'more than a de minimis cost' to the employer." *Baker v. The Home Depot*, 445 F.3d 541, 548 (2d Cir. 2006) (quoting *Trans World Airlines, Inc. v. Hardison*, 432 U.S. 63, 84 (1977)). Here, the costs imposed upon Defendant are beyond de minimis and the Court deems Plaintiff's accommodation request to be unreasonable.

Plaintiff failed to satisfy the first prong of the prima facie analysis. As such, the Court need not examine the other two prongs, but will do so in deference to Plaintiff's *pro se* status.

In construing Plaintiff's claims liberally in light of her *pro se* status, the Court assumes as true Plaintiff's assertion that she informed Brookdale of her religious belief. As such, Plaintiff has satisfied the second prong of the Title VII prima facie analysis. However, the satisfaction of this second prong is of no moment because, as already discussed, Plaintiff has not satisfied the first prong nor has she satisfied the third prong as she has failed to demonstrate that any of her

employment requirements were affected by any alleged failure of her employer to accommodate her religious belief. (See Section B below)

**B. Defendant Has Offered a Legitimate, Non-Pretextual Reason for Termination**

Defendant has met its burden of demonstrating a nondiscriminatory and non-pretextual reason for Plaintiff's termination as evidenced by Plaintiff's violation of Defendant's clearly stated workplace conduct policy. As noted above, Plaintiff and her co-worker loudly yelled profanities at one another in the presence of hospital patients in direct violation of Defendant's rules against workplace violence that "forbids disruptive behavior, expletives, and angry outbursts in the workplace." (NYSDHR Det. & Order at p. 2.) Defendant proffered this incident as the reason for its termination of Plaintiff's employment. The non-pretextual nature of that decision is further supported by Defendant's termination of the co-worker involved with Plaintiff in the altercation for the same reason. Plaintiff's own witness corroborated this action. (*See Id*.)

Under the *McDonnell Douglas* burden-shifting framework, since Defendant has articulated a legitimate, nondiscriminatory reason for Plaintiff's termination, Plaintiff must offer sufficient evidence to support a rational finding that the reasons proffered by Defendant were false, and that, more likely than not, discrimination was the primary impetus for this adverse employment action. *Weinstock v. Columbia Univ.*, 224 F.3d 33, 42 (2d Cir. 2000). Plaintiff fails to offer any evidence refuting Defendant's proffered reasons for terminating Plaintiff. Plaintiff's co-worker's concurrent termination for their collective violation of Brookdale's conduct policy effectively belies any claim of discriminatory treatment. Plaintiff's exercise of her religious beliefs had no bearing on the performance of her employment responsibilities and no credible evidence has been proffered that would suggest that knowledge of her religion or her request for a reasonable accommodation entered Defendant's calculus for her termination. Therefore,

Plaintiff has failed to rebut Defendant's proffered non-pretextual reason for the adverse job action.

Based on the foregoing, Plaintiff's factual allegations are insufficient to state a claim for which relief can be granted. Accordingly, Defendant's motion to dismiss is granted in its entirety, with prejudice.

## II. Denial of Leave to Amend

Ordinarily the Court would grant Plaintiff leave to amend the Complaint. *See Cruz v. Gomez*, 202 F.3d 593, 597-98 (2d Cir. 2000). However, here, it need not afford *pro se* Plaintiff that opportunity because "the substance of the claim pleaded is frivolous on its face." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Furthermore, Plaintiff has amended her complaint once already. The Court finds that any additional amendment would be futile and, thus, further leave to amend the complaint is denied. 28 U.S.C. § 1915(e)(2)(B)(ii); *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (denying leave to amend a *pro se* complaint where amendment would be futile).

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss this action is granted, with prejudice. A certificate of appealability shall not issue as Plaintiff has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253 (c)(2); Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Luciadore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
September 24, 2015

/s/
DORA L. IRIZARRY
United States District Judge